UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ABBOS MIRDJALILOV,                          :
         Petitioner,                      :
                                         :
         v.                               :    No.  2:25-cv-7068
                                         :
WARDEN of Federal Detention Center          :
Philadelphia, *et al.*,                     :
         Respondents.                     :

## ORDER

**AND NOW**, on this 2nd day of June, 2026, upon consideration of the Court's Opinion and Order dated January 23, 2026, granting the Petition for Writ of Habeas Corpus, *see* ECF Nos. 9-10; the Letter from Petitioner's Counsel, dated January 29, 2026, *see* ECF No. 11; and Petitioner's Motion to Enforce Habeas Corpus and Request Release, signed on May 22, 2026, and received and docketed May 29, 2026,[1] *see* ECF No. 12; it is hereby **ORDERED THAT** Petitioner's Motion to Enforce Habeas Corpus and Request Release, ECF No. 12, is **DENIED**.[2]

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1]     Petitioner's current motion was not filed by his habeas counsel but was filed *pro se*.

[2]     On January 23, 2026, this Court granted the Petition for Writ of Habeas Corpus, holding that Petitioner was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and ordering Respondents to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within seven (7) days of the date of the Order, or to immediately release Petitioner from custody in the event that a bond hearing was not timely held. *See* ECF No. 10. The Letter received from Petitioner's counsel on January 29, 2026, ECF No. 11, and Petitioner's current Motion, ECF No. 12, both indicate that a bond hearing was held before an Immigration Judge on January 28, 2026, in accordance with the Court's January 23, 2026, Order. Unfortunately, neither the counsel Petitioner retained to represent him in the instant habeas case, nor the counsel Petitioner retained to represent him in Immigration Court, appeared at his scheduled bond hearing on January 28, 2026. *See* ECF No. 11. Petitioner indicates that he was present at the hearing, but "did not understand" the nature of the hearing or the questions asked of him. *See* ECF No. 12. Ultimately, the Immigration Judge proceeded with the bond hearing and denied Petitioner bond, *see* ECF No. 11, designating him a "Flight Risk," *see* ECF No. 12. Petitioner protests this designation and believes his prolonged detention to be unjustified. *See id.* The Court finds this to be a request for the Immigration Judge to reconsider the decision denying him bond, which this Court cannot grant. While there may be validity to Petitioner's concerns, this Court is simply not the place to seek redress for them, as there has been no violation of this Court's January 23, 2026 Order. Such a request for reconsideration, whether based on Petitioner's lack of understanding, attorney negligence, or disagreement with the outcome of the hearing, is properly brought before the Immigration Court.